Green, J.
delivéred the opinion of the court.
There was no error in this judgment. The act of 1832, ch. 22, does not authorize such, a verdict as that pronounced in this case. That act provides “that where a person shall be indicted for an assault with intent to kill, or commit other felony, it shall be lawful, in case the jury cannot find such person guilty, as charged, of the intent to commit such felony, to find him guilty of an assault or of an assault and battery, on which judgment shall be pronounced.”
The indictment in this case is for a felony charged tp have been committed, and is not for an assault with intent to commit a felony. It does not therefore fall within the provisions of this act, for clearly it intended to embrace only such cases as, from the facts charged, would amount only to an assault or an assault and battery, but which, by reason of the felonious intent with which the assaulfmay be committed, becomes more highly criminal. Upon an indictment for murder or manslaughter, a verdict of not guilty, but guilty of an assault and battery, would be as well justified under this act as such finding in a case like this. Let the judgment be affirmed.
Judgment affirmed.